# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY ALLEN CLARK, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   Case No. CIV-09-463-HE |
| | ) |
| ERIC FORSYTHE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner, Jerry Allen Clark, a federal pretrial detainee appearing *pro se* has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently awaiting trial on federal criminal charges pending before this Court. *See United States v. Clark*, Case No. CR-07-213-HE. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth below, it is recommended that the petition be summarily dismissed upon filing.[1]

## I. Background

This is the second § 2241 petition filed by Petitioner challenging matters related to his pending trial on federal criminal charges in Case No. CR-07-213-HE. On February 26, 2009, Petitioner filed a petition raising virtually identical claims. *Compare Clark v. Revel*, Case

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (*citing* Rule 1(b)).

No. CIV-09-228-M, Petition [Doc. #1] *with Clark v. Forsythe*, Case No. CIV-09-463-HE, Petition [Doc. #1]. The prior habeas action was summarily dismissed without prejudice on alternative grounds that Petitioner was not in custody within the jurisdictional confines of this judicial district and/or Petitioner had not exhausted available remedies. *See Clark v. Revel*, Case No. CIV-09-228-M, Report and Recommendation [Doc. #7], Order Adopting [Doc. #11], and Judgment (March 19, 2009) [Doc. #12].[2]

Petitioner then filed the instant action on April 30, 2009. As noted, the claims raised in the instant Petition are virtually identical to those raised in the prior action. Petitioner claims the indictment filed in the criminal proceeding, Case No. CR-07-213-HE, is defective, he has been denied the right to a speedy trial, his defense attorneys have failed to file pretrial motions to challenge defects in the indictment, and his constitutional rights have been violated in the context of the competency proceedings and commitment orders entered in the pending criminal proceeding.

By Order dated May 4, 2009, Petitioner was found competent to stand trial. *See United States of America v. Clark*, Case No. CR-07-213-HE, Order [Doc. #364]. His criminal trial is currently set on the Court's July 2009 trial docket. *See id.*, Order [Doc. #373].

---

[2] In the prior action, Petitioner alleged he was "pending transportation from F.M.C. Butner, N.C., to Grady County Criminal Justice Authority" in Chickasha, Oklahoma. In this action, Petitioner now identifies his place of detention as the Grady County Criminal Justice Authority. *See* Petition [Doc. #1] at ¶ 1. Petitioner, therefore, is within the jurisdictional confines of this judicial district. *See* 28 U.S.C. § 116(c).

## II. <u>Analysis</u>

The same legal analysis applied to Petitioner's prior habeas action applies here and requires a dismissal of the Petition.[3] To be eligible for federal habeas relief pursuant to § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). As the Tenth Circuit explained in *Hall v. Pratt*, 97 Fed. Appx. 246, 247 (10th Cir. April 7, 2004) (unpublished op.):

> The reasons for this requirement are rooted not in comity (as with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping." Mr. Hall's petition presents precisely these dangers as the trial court had no opportunity to rule on the issues Mr. Hall raises.

*Id. See also Chandler v. Pratt*, 96 Fed. Appx. 661, 662 (10th Cir. May 14, 2004) (unpublished op.) (accord).

Petitioner must first raise the claims asserted in this § 2241 action in his pending

---

[3]The Tenth Circuit Court of Appeals has not yet decided whether the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) governing successive petitions apply to a petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., McCarthy v. Warden USP Florence*, No. 08-1386, 2009 WL 997380 (10th Cir. April 15, 2009) (unpublished op.). Where, as here, however, the prior petition was unadjudicated on the merits and dismissed without prejudice for failure to exhaust administrative remedies, the AEDPA does not prevent the filing of a subsequent petition. *See Slack v. McDaniel*, 529 U.S. 473, 485-86, (2000); *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir.1997). Therefore, no successiveness issues are before the Court.

criminal proceeding. *Compare Hall*, 97 Fed. Appx. at 247 (district court properly found § 2241 petitioner failed to exhaust claims alleging violation of speedy trial rights and forged indictment because petitioner could have brought these issues before the trial court in pending criminal proceeding). Petitioner may present the claims raised in this action to the trial court and, if properly preserved, in appellate proceedings arising from the pending criminal action. Accordingly, the Petition should be summarily dismissed without prejudice due to Petitioner's failure to exhaust available remedies.

## **RECOMMENDATION**

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily dismissed without prejudice.

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any objections should be filed with the Clerk of this Court by July  20th , 2009. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   30th   day of June, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE