IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY ALLEN CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-09-0463-HE |
| ) | |
| ERIC FORSYTHE, ET AL., ) | |
| ) | |
| respondents. ) | |

## ORDER

Petitioner Jerry Allen Clark, a federal pretrial detainee appearing pro se, filed a petition pursuant to 28 U.S.C. § 2241 challenging matters related to his pending trial on federal criminal charges in Case No. CR-07-0213-HE. The matter was referred to Magistrate Judge Valerie K. Couch consistent with 28 U.S.C. § 636(b)(1)(B). Judge Couch recommends that the petition be summarily dismissed without prejudice upon filing.

Petitioner has objected to the Report and Recommendation arguing that the present action is not a second or successive habeas petition because he filed a motion for reconsideration in Case No. CIV-09-0228-M and that the magistrate judge did not consider Vermont v. Brillon, 129 S. Ct. 1283 (2009) in making her recommendation.

In Case No. CIV-09-0228-M, petitioner filed a petition pursuant to 28 U.S.C. § 2241 that is virtually identical to the petition in this action. Chief Judge Vicki Miles-LaGrange adopted the Report and Recommendation which recommended the petition be dismissed upon filing for lack of jurisdiction and failure to exhaust remedies available under federal law on March 19, 2009. Petitioner filed a motion to amend or make additional findings,

construed by the court as a motion for reconsideration, which the court denied on May 22, 2009. Thus, the present action is not deemed to be a continuation of CIV-09-0228-M.

Petitioner's reliance on <u>Brillon</u> is likewise ineffective. In Brillon, the Court did note that a "systematic breakdown in the public defender system" could necessitate a finding that the Sixth Amendment right to a speedy trial had been violated. 129 S. Ct. at 1292. However, petitioner's trial has yet to occur; he may still bring a claim alleging violation of speedy trial rights in the pending criminal case. Because petitioner has not exhausted his available remedies, his petition should be dismissed.

Accordingly, after de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #15] and dismisses the petition without prejudice.

**IT IS SO ORDERED.**

Dated this 23 day of July, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE